FOR PUBLICATION

---

### DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN
### APPELLATE DIVISION

---

DALE FLEMING )
       ) D.C. Crim. App. No.2006-55
      *Appellant,* )
       ) Super. Ct. Crim. No. F59/2006
v. )
       )
PEOPLE OF THE VIRGIN ISLANDS )
       )
      *Appellee.* )
       )

---

On Appeal from the Superior Court of the Virgin Islands,
The Honorable Rhys S. Hodge, presiding

Considered: December 8, 2009
Filed: April 5, 2011

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge of the District Court of the
Virgin Islands; **RAYMOND FINCH**, Judge of the District Court of the
Virgin Islands; and **PATRICIA STEELE**, Judge of the Superior Court,
Division of St. Croix, sitting by designation.

ATTORNEYS:

**George H. Hodge, Jr., Esq.**
St. Thomas, U.S.V.I.
      *For the Appellant.*

**Maureen Phelan, AAG**
St. Thomas, U.S.V.I.
      *For the Appellee.*

*Fleming v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-55
Memorandum Opinion
Page 2

## MEMORANDUM OPINION

**PER CURIAM,**

Dale Fleming ("Fleming") appeals his conviction in the
Superior Court[1] of the Virgin Islands for the commission of a
third degree assault and use of a dangerous weapon during the
commission of a crime of violence.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Mr. Fleming worked at a construction site in the Yacht Haven
area of St. Thomas, Virgin Islands. On September 22, 2005, Sylvan
Joseph ("Joseph"), who also worked at the construction site, and
Fleming got into an argument at the job site. Fleming told Joseph
that he was "going to fuck [Joseph] up." (J.A. 33.) After work,
Fleming again confronted Joseph, saying he was "going to fuck
[Joseph] up." *Id*. Other workers interceded and told Fleming
"[n]ot here." *Id*. Joseph then asked the other men to accompany
him to the company van. While riding to his vehicle, Joseph saw
Fleming holding a three-foot long piece of lumber, commonly

---

[1]Prior to 2005, the trial court was known as the Territorial Court of
the Virgin Islands and its judges were referred to as Territorial Court
Judges. Effective January 1, 2005, however, the name of the Territorial Court
changed to Superior Court of the Virgin Islands. See Act of Oct. 29, 2004, No.
6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming,
this Court employs the terms Superior Court and Superior Court Judge.

*Fleming v. People of the Virgin Islands*
D.C. Crim. App.  No. 2006-55
Memorandum Opinion
Page 3

referred to by its dimensions, as a two-by-four. As he got into
his car, he observed Fleming approaching with the two-by-four in
hand. Joseph then drove off quickly.

Thereafter, while Joseph was stopped at a stoplight by the
J. Antonio Jarvis Elementary School (the "Jarvis stoplight") in
St. Thomas. Fleming came up to him and said "You think you got
away." (*Id.* at 35). Joseph then was struck by a blow underneath
his left eye. Joseph did not see what hit him. After being
knocked unconscious for a brief period, Joseph saw Fleming rush
to his car and drive off. When Fleming's car came closer to
Joseph's car, Fleming threw a Heineken bottle that broke the back
windshield of Joseph's car.

Joseph then drove to the hospital. The cut resulting from
the blow required six stitches.

The People of the Virgin Islands (the "Government") charged
Fleming in an amended information with three counts. Count I
charged Fleming with third degree assault, in violation of V.I.
Code Ann. tit 14, § 297(3).  Count II charged him with using a
dangerous weapon during the commission of a crime of violence, in
violation of V.I. Code Ann. tit. 14, § 2251(a)(2)(B).  Count III
charged him with vehicle tampering, in violation of V.I. Code Ann.
tit. 14, § 1384(a).

The jury trial in this matter was held on June 13, 2006. The

*Fleming v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-55
Memorandum Opinion
Page 4

jury heard testimony from Joseph, police investigator, Detective Sofia Rashid, and Fleming.  After the presentation of the Government's evidence, Fleming made a motion for judgment of acquittal with respect to Counts One and Two. The Superior Court denied the motion on both counts.

The court then charged the jury.  Fleming did not object to the jury instructions.  The jury found Fleming guilty on all counts.

On appeal, Fleming raises two main issues: (1) he asserts that there was insufficient evidence to support his conviction for using a dangerous weapon in the commission of a crime of violence; and (2) he also asserts that the Superior Court erred in its instructions to the jury.

## II.  DISCUSSION

### A.  Jurisdiction

This Court has jurisdiction to review judgments and orders of the Superior Court in criminal cases. *See* Revised Organic Act § 23A, 48 U.S.C. § 1613a; Act No. 6687 § 4 (2004).

### B.  Standard of Review

#### 1. Sufficiency of the Evidence

An appellate court exercises plenary review over sufficiency of the evidence claims. *United States v. Miller*, 527 F.3d 54, 60 (3d Cir. 2008).  "'In exercising that review, we must interpret

*Fleming v. People of the Virgin Islands*
D.C. Crim. App.  No. 2006-55
Memorandum Opinion
Page 5

the evidence in the light most favorable to the government as the verdict winner,' [citation] and 'do not weigh evidence or determine the credibility of witnesses in making [our] determination.'" *Id.* (second alteration in original) (quoting *United States v. Taftsiou*, 144 F.3d 287, 290 (3d Cir. 1998); *United States v. Gambone*, 314 F.3d 163, 170 (3d Cir. 2003)). That is, the verdict must stand if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[.]" *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)).  Overall, "a claim of insufficiency of the evidence places a very heavy burden on an appellant." *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990) (internal quotation marks and citation omitted).

2.   **Jury Instructions**

Generally, we review the wording of an instruction for abuse of discretion. *United States v. Leahy,* 445 F.2d 634, 642 (3d Cir. 2006)(citing *United States v. Coyle*, 63 F.3d 1239, 1245 (3d Cir. 1995)).  However, "in the absence of an objection to a jury instruction, we review for plain error." *United States v. Gaddy*, 174 Fed. Appx. 123, 125 (3d Cir. 2006)(unpublished).  "A single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *United*

*Fleming v. People of the Virgin Islands*
D.C. Crim. App.  No. 2006-55
Memorandum Opinion
Page 6

*States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir. 2000).  Moreover,
"we do not engage in a technical parsing of [isolated] language
of the instructions, but instead approach the instructions in the
same way that the jury would — with a 'commonsense understanding
of the instructions in the light of all that has taken place at
the trial.'" *Johnson v. Texas*, 509 U.S. 350, 368 (1993) (emphasis
added) (quoting *Boyde v. California*, 494 U.S. 370, 381 (1990)).
"In reviewing jury instructions, the relevant inquiry is whether
the instructions as a whole are misleading or inadequate to guide
the jury's deliberation." *United States v. Frega*, 179 F.3d 793,
806 n.16 (9th Cir. 1999) (emphasis added) (citing *United States
v. Moore*, 109 F.3d 1456, 1465 (9th Cir.) (en banc), *cert. denied*,
522 U.S. 836 (1997)).  The Supreme Court has explained that "not
every ambiguity, inconsistency, or deficiency in a jury
instruction rises to the level of a due process violation."
*Middleton v. McNeil*, 541 U.S. 433, 437 (2004).  If the jury
instructions "as a whole [are] ambiguous, the question is whether
there is a 'reasonable likelihood that the jury has applied the
challenged instruction in a way that violates the Constitution.'"
*Id.* (internal quotation omitted) (quoting *Estelle v. McGuire*, 502
U.S. 62, 67 (1991)).

*Fleming v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-55
Memorandum Opinion
Page 7

### III.   <u>ANALYSIS</u>

#### A.   Sufficiency of the Evidence

In Count Two of the amended Information, the Government charged Fleming with carrying or using a dangerous weapon during the commission of a crime of violence, in violation 14 V.I.C. § 2251(a)(2).   The Virgin Islands Code classifies assault in the third degree as a crime of violence. 23 V.I.C. § 451(e). Fleming argues that the Government failed to prove beyond a reasonable doubt that he used a dangerous weapon when assaulting Joseph.

In *Phipps v. the Gov't of the V.I.*, the Court discussed what constitutes a "dangerous or deadly weapon" under section 2251(a)(2):

> A deadly weapon is one which, from the manner used, is calculated or likely to produce death or serious bodily injury. Thus whether a weapon is deadly depends upon two factors: (1) what it intrinsically is and (2) how it is used. If almost anyone can kill with it, it is a deadly weapon when used in a manner calculated to kill. Thus the following items have been held to be deadly weapons in view of the circumstances of their use: … iron bars, baseball bats, bricks, rocks, ice picks, automobiles, and pistols used as bludgeons.

241 F. Supp. 2d at 510 (quoting *Gov't of the V.I. v. Robinson*, 29 F.3d 878, 882-836 (3d Cir. 1994).

Here, Fleming contends that the Government failed to adequately establish that Joseph was struck by anything other than Fleming's clenched fist.   He notes that during Joseph's

*Fleming v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-55
Memorandum Opinion
Page 8

testimony about the blow, Joseph held his hand in the form of a
fist, a fact highlighted by his counsel on cross-examination:

> Q: And while you were telling Counsel Reese about the
> blow to your cheek, you had your hand when you were
> describing it, in a fist; isn't that correct?
>
> A: Yes, Ma'am.
>
> Q: So you basically saw the fist hit you in your
> face; isn't that correct, Sir?
>
> A: I did not saw a fist.
>
> Q: You did not see anything?
>
> A: No.

(J.A. 48.) The Government points to its presentation of
photographic and testimonial evidence of Joseph's cut as
sufficient evidence that Joseph was hit by a dangerous weapon. It
asserts that "the fact that the wound was straight rather than
crooked or curved, and the edges clean and smooth" coupled with
Joseph's description of the blow as having "'fe[lt] like
something pounding inside'" suggest a blow caused by a dangerous
weapon and not merely a fist.(Appellee's Br. 8.)(quoting J.A.
38.)  Essentially, the Government argues that the circumstantial
evidence presented was sufficient to establish that Fleming
possessed a dangerous weapon when committing the assault.

Though the Government is correct that possession may
sometimes be proved by circumstantial evidence, such evidence is
generally more substantial than that offered here. *See, e.g.,*

*Fleming v. People of the Virgin Islands*
D.C. Crim. App.  No. 2006-55
Memorandum Opinion
Page 9

*United States v. Murphy,* 107 F.3d 1199, 1208 (6th Cir.

1997)(finding possession of a gun based on circumstantial

evidence when the defendant fled car at scene, the gun was found

immediately next to the seat where he had been sitting, driver

and his mother were only persons with knowledge of where the gun

was stored, and the defendant denied knowledge about the gun

though he was not asked about it by questioning officers); *Evans*

*v. United States*, 442 F.2d 1031, 1031 (10th Cir.

1971)(determining that there was sufficient circumstantial

evidence that the defendant possessed a knife during an assault

as proven by the testimony of two witnesses who observed the

defendant with knife, though the knife was not found or produced

at trial).

Joseph testified that Fleming was in possession of a two-by-

four near the job site at 3:30 p.m. the day of the assault.

However, no testimony was given that anyone observed Fleming with

a dangerous weapon at the time of the assault. Fleming did not

see a weapon when he was struck:

> Q: And you did not see a weapon in Mr. Fleming-- you
> did not see a weapon, isn't that correct, when you
> were hit?
>
> A: Yes, Sir.  Well, yes, Ma'am, I did not see a
> weapon.

(J.A.  49.)  Evidence of Fleming's earlier possession, fails to

establish that he carried or used a two-by-four sometime later

*Fleming v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-55
Memorandum Opinion
Page 10

when assaulting Joseph at the Jarvis stoplight.

The Government argues that Fleming's use of a dangerous weapon is supported by the victim's testimony about the sensation of being hit as well as a statement from a doctor regarding the depth of the cut. (J.A. 38.)  That argument is wanting for several reasons.  First, no doctor or expert witness offered testimony that Joseph's wound was indicative of an injury from a two-by-four rather than Fleming's fist.  Second, a nebulous statement about a "pounding inside" does not give rise to any permissible inference that Fleming possessed a dangerous weapon. (*Id.*) Indeed, without some evidence placing the two-by-four in Fleming's possession after he left the job site and traveled to the Jarvis stoplight, there are too many uncertainties for a reasonable person to be able to conclude beyond a reasonable doubt that Fleming used a dangerous weapon when assaulting Joseph.  The Court thus finds that there was insufficient evidence to prove that Fleming was guilty on Count Two.

**B. Jury Instructions**

**1. Unnecessary Use of "Sharp Object" Language**

For the first time, on appeal, Fleming asserts that the trial court erred in its charge to the jury on third-degree assault and using a dangerous weapon in the commission of a crime of violence.  Fleming asserts that the trial court erroneously

*Fleming v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-55
Memorandum Opinion
Page 11

used the language "sharp object" in instructing the jury on the

elements of those counts (J.A. 152.) Where, as here, the

defendant does not object to the jury instruction at trial, a

court's review is limited to plain error.[2] *See Motta v. Virgin*

*Islands*, D.C. Crim. App. No. 2002-163, 2004 U.S. Dist. LEXIS

25112, at *18 (D.V.I. Nov. 30, 2004) (citing Fed. R. Crim. P.

30(d), 52(b)).

The jury charge as to Count One, in pertinent part,

provided:

> To prove the defendant guilty of assault in the
> Third Degree Assault to wit:
> Assault with intent to inflict great bodily harm, the
> Government must prove beyond a reasonable doubt the
> following elements:
>     First, the Defendant intentionally struck or
> wounded Sylvan Joseph by stabbing him with a sharp
> object and, . . . .

(J.A. 15.) Fleming notes that the language about the sharp object

in element one is not a necessary part of proving assault of

another with premeditated design and by use of means calculated

to inflict great bodily harm.  Fleming asserts that the

---

[2] This Court has explained that

[f]ailure to object to jury instructions in a timely manner at
trial prevents challenging those instructions on appeal . . .
[except] where the reviewing court finds "plain error" in the
instructions, that is, that the alleged error was "fundamental and
highly prejudicial" so "that failure to consider the error would
result in a miscarriage of justice."

*Brandy v. Flamboyant Investment Co.*, 772 F. Supp. 1538, 1541 (D.V.I. App. Div.
1991) (citations omitted).

*Fleming v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-55
Memorandum Opinion
Page 12

inappropriate inclusion of that language, unfairly prejudiced the jury "because the Court had defined the same sharp object as a 'dangerous or deadly weapon' used during the commission of the crime of violence charged in Count Two." (Appellant's Br. 13.) The contested instruction here added an additional condition for the Government to prove. Courts have held that instructions that increase the Government's burden do not prejudice the defendant. *See United States v. Johnson,* 462 F.2d 423, 427 (3d Cir. 1972) (holding that the defendant was not prejudiced by a jury instruction that contained an unnecessary element for the offense charged because "[t]he judge's charge merely placed an additional burden of proof upon the Government, a burden which it was not required to sustain under the statute").

Fleming also objects to the use of the "sharp object" language in the jury instruction for the offense of using of a dangerous weapon during the commission of a crime of violence in Count Two. Because the Court has found that the evidence was insufficient to sustain a conviction on Count Two, the Court need not reach this issue as to that Count.

### 2. Lesser Included Offense Instruction

Fleming argues that the problems with the jury instruction on third degree assault were further compounded by the Court giving the jury an instruction on the lesser included offense of

*Fleming v. People of the Virgin Islands*
D.C. Crim. App.  No. 2006-55
Memorandum Opinion
Page 13

simple assault.[3]  Fleming did not object to the inclusion of the
simple assault instruction.

Under Virgin Islands law, assault and battery is defined as
"any unlawful violence upon the person of another with intent to
injure him, whatever be the means or the degree of violence
used." 14 V.I.C. § 292.  The jury could have reasonably found
based on the evidence in the record that Fleming unlawfully
struck Joseph with the intent to cause injury.  The simple
assault instruction was thus appropriate. *See United States v.
Frorup*, 963 F.2d 41, 42 (3d Cir. 1992) ("A jury instruction on
the lesser included offense is allowable as long as there is some
evidence to support conviction.")  As such, the Court finds no
plain error with that instruction.

---

[3] Fleming argues that the appropriate lesser included offense, if any,
was aggravated assault and battery under 14 V.I.C. § 298(6).  That section
provides:
    Whoever commits an assault and battery-

        (6) by an instrument or means which inflicts disgrace
        upon the person assaulted, such as a whip, cowhide or
        cane;

14 V.I.C. § 298(6). Fleming provides no support for his suggestion that a
two-by-four or a fist would represent a "means which inflicts disgrace upon
the person assaulted." *Id.*  The Court thus finds no plain error with the
trial court's failure to instruct as to that offense.

*Fleming v. People of the Virgin Islands*
D.C. Crim. App.  No. 2006-55
Memorandum Opinion
Page 14

## IV.   <u>CONCLUSION</u>

For the reasons stated above, there is insufficient evidence to sustain Fleming's conviction for the use of a dangerous weapon during the commission of a crime of violence.  Accordingly, Fleming's conviction of that offense will be vacated.  As the Court finds no plain error with respect to the jury instructions on third degree assault, Fleming's third degree assault conviction will be affirmed.  An appropriate judgment follows.